### PRINCE MANUF'G CO. v. PRINCE'S METALLIC PAINT CO.

(*Supreme Court, Special Term, New York County.* October 16, 1888.)

CONTEMPT—ACTS COMMITTED IN ANOTHER STATE—DISOBEYING INJUNCTION.

It is a violation of an injunction to use a prohibited trade-mark and name for goods, though they are made, sold, and shipped at defendant's place of business in another state, of which both plaintiff and defendant are resident corporations, and to which defendant, who had been doing business in the state wherein the injunction is pending, has removed since it was granted.

At chambers. On motion to punish for contempt.

Action by the Prince Manufacturing Company against Prince's Metallic Paint Company to restrain the infringement of a trade-mark. A preliminary injunction was granted against the use of the name of "Prince" for the paint sold by defendant, and against the use of the trade-mark. The violations were the sales to persons in Troy, N. Y., and Boston, Mass., under the prohibited name and trade-mark, and the use of the trade-mark on barrels of paint shipped from the manufactory in Pennsylvania. Before plaintiff instituted the suit it had been refused an injunction by a Philadelphia court. Defendant had kept its principal place of business in New York, but, after the injunction was granted, removed to Philadelphia. The main facts as to the

alleged violations were not disputed, but defendant insisted that the sales and shipments were from Pennsylvania, after its removal, and hence did not violate an injunction by a New York court.

*Dillaway, Davenport & Leeds,* for plaintiff.　*John Frankenheimer,* for defendant.

O'BRIEN, J.　From the affidavits submitted on this motion to punish the defendant for contempt it seems reasonably clear that there has been a violation of the injunction, by the sale in Troy, and the commission of the acts charged as a violation in the shipment to Boston, and in the affixing of the trade-mark to goods at Lehigh Gap.　The injunction was granted to preserve intact the subject-matter of the action, which is the right to use the trade-mark and designation, until the final determination of the rights of the parties by a trial.　It has been strongly urged that, because both the parties to this action are Pennsylvania corporations, that this court has no power to restrain the defendants from carrying on their business in Pennsylvania in selling Prince's metallic paint with the trade-mark in question affixed thereto outside of this state.　'There is no doubt, however, that this court obtained jurisdiction of the action now pending in this court, and in which the injunction was issued; and while, as a rule, the power of an equity court is limited to the territorial jurisdiction of the court, disobedience to an injunction, though committed without the state, is nevertheless punishable in this action.　The defendant seeks to excuse the acts complained of by disclaiming any intention of willfully violating the injunction order.　The case is now on the calendar, and set down for trial for this week.　It seems to me, under the circumstances, that in fixing the punishment for the contempt, which I regard as established, that a reference to determine the amount of plaintiff's damages should, if possible, be avoided, for the reason that, if judgment should be in favor of the plaintiff, a reference to ascertain the damages would be necessary, and such damage which plaintiff may have suffered by a violation of the injunction could be then ascertained.　The defendant, however, should not be allowed, after disregarding the injunction, to escape unpunished.　Accordingly the defendant should pay a fine of $250 within 20 days, and, in default thereof, that his answer in this case be stricken out.　Ordered accordingly.